**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-CV-80338-MD**

STEFFI FIALLOS, JUAN BEDOYA,
TAMARA CHIN, SHALAN BLAIR,
ROSLYN ACHMAD, RACHEL
PANOSIAN, LEONARDO LAINA,
NATHALIE VACHON and SUSAN
DASH,
     Plaintiffs,
v.
DR. G'S URGENT CARE LLC, a Florida
corporation, and
MYLISSA GRABER, individually,
     Defendants.

**PLAINTIFF'S MOTION TO REOPEN AND**
**EX-PARTE MOTION FOR FINAL JUDGMENT**

COMES NOW, Plaintiffs, STEFFI FIALLOS, JUAN BEDOYA, JUAN BEDOYA,

SHALAN BLAIR, ROSLYN ACHMAD, RACHEL PANOSIAN, LEONARDO LAINA,

NATHALIE VACHON AND SUSAN DASH ("Plaintiffs"), by and through the undersigned

counsel, hereby files this Motion to Reopen and Ex-Parte Motion for Final Judgment, and in

support states as follows:

1. Plaintiffs filed a Complaint [DE 1] against Defendants DR. G'S URGENT CARE LLC

   and DR. MYLISSA GRABER ("Defendants"), for unpaid wages and overtime pay.

2. The Parties executed a Confidential Settlement Agreement and Release to fully resolve this

   matter (the "Agreement").

3. The Parties filed a Joint Motion for Settlement Approval with the attached executed

   Agreement for the Court's review pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d

   1350 (11th Cir. 1982).

4. The Honorable Court entered an Order Approving FLSA Settlement and Dismissing Case

with Prejudice [DE 56] on October 28, 2025.

5. Due to a lengthy settlement payment schedule, the Parties requested that the Honorable Court retain jurisdiction to enforce the terms of the settlement.

6. Paragraph 3(b) of the Settlement Agreement outlines the payment schedule for the settlement. The Settlement Agreement is attached hereto as Exhibit "A".

7. The relevant payment prompting the need to file this motion was due on or before February 23, 2026, in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) (the "February Payment").

8. To date, Defendants have paid only Five Thousand Dollars ($5,000.00) of the Seven Thousand Five Hundred Dollars ($7,500.00) due and owed for the February Payment.

9. This is the second straight month[1] that Defendants did not timely make payment.

10. As such, on February 24, 2026, your undersigned provided notification in writing, via email, pursuant to Paragraph 3(e) of the Agreement, of Defendants' outstanding balance of Two Thousand Five Hundred Dollars ($2,500.00), for the February Payment, and advising of Defendants' ten (10) day period to cure per Paragraph 3(e). *Please see* the email thread between counsel attached hereto as Exhibit "B".

11. On March 9, 2026, after the ten (10) day period to cure had expired with the balance of the February Payment still not made by Defendants, your undersigned sent an e-mail correspondence to counsel for Defendants advising that the additional payment to cover the outstanding balance had still not been received.

12. Counsel for Defendants responded advising that he was able to communicate with Defendants and that Defendants would be making the payment by March 10, 2026, and

---

[1] As Plaintiffs did again in February, Plaintiffs provided Defendants the full ten (10) days to cure the partial payment in January 2026 as well and, when the payment was not received by the end of the cure period, provided Defendants with an additional two (2) days to make payment based on Defendants' assertion of a forthcoming payment.

requested one (1) additional day to make payment.

13. Plaintiffs agreed to not file this instant motion to allow for payment to be received by March 10, 2026, despite the ten (10) days to cure having already expired.

14. Unfortunately, however, the outstanding balance for the February Payment was not received, as promised, by March 10, 2026.

15. Defendants have shown a total lack of urgency to comply with the payment schedule and cure the payment deficiencies over the last two (2) months.

16. Plaintiffs have been more than patient, as discussed, providing Defendants with more time than the Agreement provides for, in the hope that the issue could be resolved without the need for Court intervention.

17. The Agreement states in relevant part, in Paragraph 3(f) "Breach", that: "[i]n the event of a breach of this Agreement by Defendants, and no cure by Defendants within ten (10) days following Plaintiff's notice then the Plaintiffs shall be entitled to an ex-parte judgment against Defendant in the amount of One Hundred and Forty-Five Thousand Dollars ($145,000.00), less any payments already made by Defendants and received by Plaintiffs.

18. To date, Defendants have paid a total of Forty-Seven Thousand Five Hundred Dollars ($47,500.00) out of the total settlement amount of One Hundred and Eighteen Dollars ($118,000.00).

19. As such, Plaintiffs are now respectfully seeking an ex-parte final judgment in the amount of Ninety-Seven Thousand Five Hundred Dollars ($97,500.00) ($145,000.00 - $47,500.00).

20. In addition, Paragraph 18 of the Agreement contains an attorneys' fee provision which states: "[s]hould any Party be required to bring a legal action in order to enforce the terms of this Agreement, including the terms of its release provision, the prevailing party in such

action shall be entitled to receive its attorney's fees and costs incurred in bringing and maintaining such action."

21. As such, Plaintiffs seek an Order entitling them to the reasonable attorneys' fees that were expended having to bring this motion, in an amount to be determined by the Honorable Court.

WHEREFORE, Plaintiffs, STEFFI FIALLOS, JUAN BEDOYA, JUAN BEDOYA, SHALAN BLAIR, ROSLYN ACHMAD, RACHEL PANOSIAN, LEONARDO LAINA, NATHALIE VACHON AND SUSAN DASH, respectfully request this Honorable Court to enter an ex-parte Final Judgment in the amount of Ninety-Seven Thousand Five Hundred Dollars ($97,500.00), to hold that Plaintiffs are entitlement to their reasonable attorneys' fees for having to file this motion, and/or for such other relief as this Honorable Court deems reasonable.

DATED:  March 11, 2026

Respectfully submitted,

MILITZOK LAW, P.A.
*Attorney for Plaintiff*
8958 W State Rd 84, #1036
Fort Lauderdale, Florida 33324
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 11, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>Service List:</u>

Jesse Ian Unruh, Esq.
Spire Law, LLC.
2572 West State Road 426
Suite 2088
Oviedo, FL 32765

/s/Brian J. Militzok
Brian J. Militzok